IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS ALFARO, | § | |
| and all others similarly situated under | § | |
| 29 U.S.C. § 216(b), | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. |
| | § | |
| DALLAS BACKUP, INC. a/k/a ONSTAGE | § | |
| SYSTEMS, | § | |
| ONSTAGE PRODUCTIONS, INC., | § | |
| HYACINTH BELCHER, | § | |
| VIVIAN N. BELCHER, | § | |
| and CHARLES F. BELCHER | § | |
| Defendants. | § | |

**COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME WAGE VIOLATIONS**

Plaintiff, JESUS ALFARO, on behalf of himself, individually, and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, files this Complaint against Defendants DALLAS BACKUP, INC. a/k/a ONSTAGE SYSTEMS, ONSTAGE PRODUCTIONS, INC., HYACINTH BELCHER, VIVIAN N. BELCHER, and CHARLES F. BELCHER and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dallas County, Texas at the time that this dispute arose.

3. The Defendant DALLAS BACKUP, INC. a/k/a ONSTAGE SYSTEMS is a business that regularly transacts business within the Northern District of Texas. Upon information and belief, DALLAS BACKUP, INC. a/k/a ONSTAGE SYSTEMS was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant ONSTAGE PRODUCTIONS, INC. (together with DALLAS BACKUP, INC. a/k/a ONSTAGE SYSTEMS, the "Defendant Companies") is a business that regularly

transacts business within the Northern District of Texas. Upon information and belief, ONSTAGE PRODUCTIONS, INC. was also Plaintiff's FLSA employer for the relevant time period.

5. The individual Defendant HYACINTH BELCHER is a corporate officer and/or owner and/or manager of one or more of the Defendant Companies who ran the day-to-day operations of one or more of the Defendant Companies for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore also Plaintiff's employer as defined by 29 U.S.C. § 203(d).

6. The individual Defendant VIVIAN N. BELCHER is a corporate officer and/or owner and/or manager of one or more of the Defendant Companies who ran the day-to-day operations of one or more of the Defendant Companies for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore also Plaintiff's employer as defined by 29 U.S.C. § 203(d).

7. The individual Defendant CHARLES F. BELCHER is a corporate officer and/or owner and/or manager of one or more of the Defendant Companies who ran the day-to-day operations of one or more of the Defendant Companies for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore also Plaintiff's employer as defined by 29 U.S.C. § 203(d).

8. Venue is proper in the Northern District of Texas because Defendants regularly transact business within the Northern District of Texas and acts or omissions giving rise to this dispute took place in the Northern District of Texas.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

9. This action arises under the laws of the United States. In addition to Plaintiff JESUS ALFARO's individual action, this case is also brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back at least three years.

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

11. 29 U.S.C. § 207(a)(1) states, in pertinent part, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

12. Plaintiff, JESUS ALFARO, worked for Defendants as a lighting technician from on or about August 6, 2006 through on or about September 10, 2016.

13. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on

a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants. For example, Plaintiff's work for the Defendants involved regularly travelling to and working at events outside the state of Texas at locations in states including but not limited to New York, Nevada, California, and Oklahoma.

14. Upon information and belief, the Defendant Companies had gross sales or business done, individually or collectively as part of the joint enterprise described in paragraph 16 below, in excess of $500,000 annually for the years 2006, 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016, and 2017.

15. Upon information and belief, the Defendant Companies' sales or business done, individually or collectively as part of the joint enterprise described in paragraph 16 below, is expected to exceed $500,000 for the year 2018.

16. Upon information and belief, Defendants DALLAS BACKUP, INC. a/k/a ONSTAGE SYSTEMS and ONSTAGE PRODUCTIONS, INC. comprise a joint enterprise as defined by 29 U.S.C. § 203(r) as the related activities between the companies, performed through unified operation and/or common control were being done for a common business purpose. The Defendant Companies share officers and/or management personnel, maintain the same business address, and Plaintiff believes that discovery will show that the Defendant Companies are both engaged in aspects of the same event services business described herein.

17. Furthermore, Defendants regularly employed two or more employees for the relevant time

period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus also making Defendants' business an enterprise covered under the Fair Labor Standards Act.  For example, Defendant DALLAS BACKUP, INC. a/k/a ONSTAGE SYSTEMS is an event production company that regularly uses a variety of audio / visual equipment and related materials, including but not limited to mixing consoles, speakers, stage lights, piano shells, and LED panels, that Plaintiff believes discovery will show moved through interstate commerce in addition to regularly performing event services at locations outside the state of Texas.

18. From on or about August 6, 2006 through on or about September 10, 2016, Plaintiff, JESUS ALFARO, was paid an average straight time rate of $15.00 per hour for hours worked in Defendants' warehouse in Dallas and was paid an average day rate of $300 per day for work performed at events.  When Plaintiff worked in Defendants' warehouse in Dallas, he worked from Monday through Wednesday during the week for an average of nine hours per day.  On days when Plaintiff was not working in the Defendants' warehouse in Dallas, Plaintiff worked on the road setting up for events for an average of 18 – 20 hours per day, resulting in an average effective hourly rate of $15.79 for those hours.  This schedule resulted in Plaintiff working an average of 103 hours per week.  Plaintiff was not paid the extra halftime overtime rate for hours worked above 40 hours in a week as required by the Fair Labor Standards Act.  Plaintiff JESUS ALFARO therefore claims the unpaid half-time overtime rate for each overtime hour worked above 40 in a workweek.

19. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll

practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages from the commencement of Plaintiff's employment for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

        Respectfully submitted,

By: s/ Robert Manteuffel
    J.H. Zidell, Esq.
    Texas Bar No.: 24071840
    Email: zabogado@aol.com
    Robert L. Manteuffel
    State Bar No. 12957529
    Email: rlmanteuffel@sbcglobal.net
    Joshua A. Petersen
    Texas Bar No. 24085524
    Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:   (972) 233-2264
Fax:   (972) 386-7610

**COUNSEL FOR PLAINTIFF**