IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS ALFARO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DALLAS BACKUP, INC. a/k/a ONSTAGE | § | Cause No. 3:18-cv-02327-X |
| SYSTEMS, | § | |
| HYACINTH BELCHER, | § | |
| VIVIAN N. BELCHER, | § | |
| and CHARLES F. BELCHER | § | |
| Defendants. | § | |

**DEFENDANT'S SECOND MOTION FOR DISCOVERY SANCTIONS
AGAINST PLAINTIFF**

Two weeks ago, Defendant Dallas Backup, Inc. aka Onstage Systems moved for sanctions against Plaintiff Jesus Alfaro due to his failure to appear at his properly noticed January 14, 2020 deposition, *see* Dkt. 34. After Onstage Systems filed its first sanctions motion, the parties rescheduled Plaintiff's deposition for January 31, 2020. Plaintiff appeared for the January 31st deposition, but only briefly. He abruptly left after only 10 minutes of examination. Onstage Systems now moves the court to sanction Plaintiff by assessing the costs and expenses of the January 31st deposition against Plaintiff, and dismissing this action with prejudice. Fed. R. Civ. P. 37, 41. This sanctions motion is supported by Defendants counsel's declaration and exhibits contained in an appendix being filed contemporaneously herewith and incorporated herein.

**Introduction and Factual Background**

1.  This motion picks up where the Factual Background section of Onstage Systems' first sanctions motion ends. *See* Dkt. 34-35.

2.     After Plaintiff failed to timely appear for his January 14th deposition, the parties mutually agreed to convene Plaintiff's deposition on January 31, 2020.

3.     Onstage Systems served Plaintiff with the deposition notice for the January 31st deposition on January 27th.  The deposition notice was properly served by U.S. Mail and electronic mail.  A true and correct copy of the deposition notice is attached hereto as Exhibit A.

4.      On January 31st, everyone timely appeared for Plaintiff's deposition.  In attendance was the court reporter, the federally-certified Spanish translator that Plaintiff requested, Plaintiff's local counsel Elizabeth Beck (who entered an appearance on January 9th, see Dkt. 33), Defendants' counsel, and Onstage Systems' President.  A true and correct copy of the deposition transcript is attached hereto as Exhibit B.

5.     The examination began at 9:34 AM and ended at around 9:44 or 9:45 AM after Plaintiff refused to answer questions about his experience providing deposition testimony and a recent arrest by the Dallas Police Department for drugs.  In an effort to explain the deposition process to her client, Ms. Beck left the room where the deposition was being taken with Plaintiff.  While Ms. Beck soon returned, Plaintiff did not.

6.     Ms. Beck then stated on the record exactly what had transpired:

> This is Elizabeth Beck, counsel for Plaintiff.  The plaintiff has refused to continue with his deposition.  Plaintiff has been advised on the consequences of not providing deposition testimony today and has elected to leave accordingly.  *See* Ex. B at 8:10-14.

7.     This was Onstage Systems' second attempt to take Plaintiff's deposition in January.  Onstage Systems asks the court to impose a monetary sanction on Plaintiff by requiring him to reimburse Onstage Systems for the expenses and fees caused by Plaintiff's

failure to participate or complete the deposition on January 31st.  Further, Onstage Systems asks the court to dismiss Plaintiff's action *with prejudice* for his continued failure to participate in the discovery process.  *See* Fed. R. Civ. P. 37, 41.

### Arguments and Authorities

Federal Rule of Civil Procedure 37 governs discovery sanctions.  Rule 37(d)(3) provides that the court may impose the several enumerated sanctions for a party's failure to permit discovery, including "… (v) the court may dismiss the action or proceeding in whole or in part."  Rule 37(d)(3) provides that "[i]nstead of or in addition to [the aforementioned] sanctions, the court **must** require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id*. (emphasis added).

Several factors must be present before a district court may dismiss a case with prejudice as a sanction: (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the discovery order must be attributable to the client instead of the attorney; (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect. *Morgan v. McDonald's Corp*., 3:14-CV-1618-D, 2015 WL 799047, at *3 (N.D. Tex. Feb. 25, 2015) (citing *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir.2008) (per curiam)).

In the instant case, Plaintiff did not timely appear for his January 14th deposition, necessitating that the parties reschedule the court reporter, federally certified Spanish interpreter, the parties' counsel, and Defendants.  Plaintiff's failure to appear at that

deposition prompted Onstage Systems' January 15th motion for sanctions.   Even before the briefing on that motion was completed, the parties rescheduled Plaintiff's deposition for January 31st.  Like the January 14th deposition, the January 31st deposition was properly noticed.  Although Plaintiff timely appeared at the January 31st deposition, he elected not to participate in the deposition – that is, he left after only 10 or so minutes.  His participation in the deposition is tantamount to failing to attend the deposition because he provided no substantive testimony concerning his claims against Defendants or Defendants' defenses. Plaintiff's local counsel Ms. Beck notified Plaintiff of the dire consequences of Plaintiff leaving the deposition and he left nonetheless.  Just like on January 14th, January 31st is one more attempt by Plaintiff to delay this action, deny Onstage Systems the right to crucial discovery that will demonstrate the meritless nature of Plaintiff's action, and thwart the court's authority in this case.  That Plaintiff's contumacious conduct occurred before the court could rule on Onstage Systems' first sanctions motion is no grounds for excusing Plaintiff's continuing pattern of conduct.

The extreme sanction of dismissal is warranted here.  Plaintiff's actions are willful. The record reflects that Ms. Beck made Plaintiff aware of the consequences of leaving and not providing testimony. Plaintiff ignored Ms. Beck.  Defendants are indisputably prejudiced by Plaintiff's lack of cooperation and failure to appear for deposition.  Onstage Systems has prepared to depose Plaintiff on two occasions now and has been denied the opportunity to depose the very party who has filed suit against Defendants.  No lesser sanction than dismissal is warranted for Plaintiff's nonappearance at the January 14th deposition coupled with his quick departure from the January 31st deposition.   Plaintiff has frustrated defense counsel's legitimate attempts to obtain

discovery. A less drastic sanction would not substantially achieve the desired deterrent effect.

Onstage Systems asks the court to sanction Plaintiff under its inherent power to sanction as well as Fed. R. Civ. P. 37(d).  The requested sanction includes the expenses and costs incurred by Onstage Systems on January 31st for the attendance of the court reporter and interpreter as well as the fees incurred by Onstage Systems for its counsel to prepare this motion (and any reply or attendance at the show cause hearing, if necessary). There is a direct relationship between Plaintiff's conduct and the requested sanctions. Specifically, Onstage Systems would not have incurred these expenses and fees but for Plaintiff's failure to participate in his January 31st deposition.  *See Lovison v. Gleason*, 3:14-CV-1517-P, 2015 WL 3934933, at *8 (N.D. Tex. June 26, 2015).

Onstage Systems further asks the Court to dismiss Plaintiff's action, with prejudice, based on Fed. R. Civ. P. 37 and 41 because this was not Plaintiff's first attempt to thwart the discovery process.  Dismissal promotes the court's ability to manage its docket, and serves the public interest in the expeditious resolution of meritless litigation. *See Cox v. Leggett & Platt, Inc.,* CIV. 3:02-CV-0618-H, 2003 WL 282442, at *1 (N.D. Tex. Feb. 4, 2003) ("Although Plaintiff's failure to appear for his deposition … clearly places Plaintiff in default under Rule 37(d), dismissal in this case is still inappropriate at this time. However, ***should Plaintiff fail to appear for his deposition again, this case will be subject to dismissal with prejudice***.") (emphasis added); *see also Morgan v. McDonald's Corp*., 3:14-CV-1618-D, 2015 WL 799047, at *3 (N.D. Tex. Feb. 25, 2015) (dismissing plaintiff's action with prejudice); *Speck v. Wiginton*, 4:14-CV-276-A, 2015 WL 13451015, at *2 (N.D. Tex. July 10, 2015) (same).  Fed. R. Civ. P. 41 provides that a

court may involuntarily dismiss an action with prejudice if the plaintiff fails to prosecute or to comply with the rules.  *See* Fed. R. Civ. P. 41(b).

### Conclusion

Plaintiff did not appear at his January 14th deposition.  The parties rescheduled the deposition.  When he appeared on January 31st, he left the deposition after only 10 minutes.  The January 31st deposition was properly noticed and Plaintiff did not file a motion for protective order.  For these reasons, Defendant Dallas Backup, Inc. aka Onstage Systems asks the court to sanction Plaintiff Jesus Alfaro for discovery abuse by requiring him to reimburse Onstage Systems the gross amount of $2,462 for the expenses and fees incurred due to Plaintiff's actions on January 31st, *see* Hersh Decl. at ¶¶ 12-16, and to dismiss Plaintiff's action, with prejudice, under Fed. R. Civ. P. 37 and 41.

Onstage Systems expressly asks the court to retain jurisdiction over this action for the limited purpose of Defendants recovering their attorney's fees and costs from Plaintiff and/or J.H. Zidell in connection with Onstage System's first sanctions motion and this sanctions motion as well as to recover any additional costs, if any, under 28 U.S.C. § 1920.

WHEREFORE, based on the foregoing, Onstage Systems respectfully request that the court grant its motion for sanctions, award attorneys' fees and costs associated with this motion and Plaintiff's January 31st deposition, dismiss Plaintiff's action with prejudice, and provide such further relief as the court deems just and proper.

Respectfully submitted,

/s/ Barry S. Hersh

_____

Barry S. Hersh
State Bar No. 24001114

*Board Certified in Labor and Employment Law*
*Texas Board of Legal Specialization*

Hersh Law Firm, A Professional Corporation
3626 N. Hall St., Suite 800
Dallas, TX 75219-5133
Tel.  (214) 303-1022
Fax. (214) 550-8170
bshersh@hersh-law.com


ATTORNEY FOR DEFENDANTS


CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing is being served on all opposing parties by and through their attorney(s) of record via the Northern District of Texas' CM/ECF system on this the 4th day of February 2020.

/s/ Barry S. Hersh

_____

Barry S. Hersh


CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, the undersigned counsel hereby certifies that, on February 3-4, 2020, Defendant's counsel conferred with Plaintiff's counsel regarding the substance and relief requested in this motion.  Mr. Zidell states that Plaintiff is opposed to the relief requested herein.  Certified on this 4th day of February 2020.

/s/ Barry S. Hersh

_____

Barry S. Hersh