## DECLARATION OF BARRY S. HERSH

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the below testimony is true and correct:

1. "My name is Barry S. Hersh. I am over 18 years old. I have personal knowledge of the facts stated herein and they are all true and correct.

2. I am the attorney-of-record representing the Defendants Hyacinth Belcher, Charles Belcher, Vivian Belcher and Dallas Backup, Inc. aka Onstage Systems in *Jesus Alfaro v. Dallas Backup, Inc. aka Onstage Systems et al*, 3:18-cv-02327-X, In the U.S. District Court for the Northern District of Texas, Dallas Division.

3. I make this declaration in support of Onstage Systems' second motion for discovery sanctions against Plaintiff Jesus Alfaro based on Plaintiff's failure to fully appear at Plaintiff's January 31, 2020 deposition.

4. The facts surrounding the January 31st deposition are undisputed.

5. After Plaintiff failed to timely appear for his January 14th deposition, the parties mutually agreed to convene Plaintiff's deposition on January 31, 2020.

6. Onstage Systems served Plaintiff with the deposition notice for the January 31st deposition on January 27th. I served the deposition notice by U.S. Mail and electronic mail. A true and correct copy of the deposition notice is attached hereto as **Exhibit A**.

7. On January 31st, everyone timely appeared for Plaintiff's deposition. In attendance was (1) Lyenda Johnston, the court reporter; (2) Marilyn Retta, a federally-certified Spanish translator that Plaintiff required to be present; (3) Plaintiff's local counsel Elizabeth Beck (who entered an appearance on January 9th, see Dkt. 33), (4) myself, and (5) Onstage Systems' President. A true and correct copy of the deposition

transcript is attached hereto as **Exhibit B**.

8. The examination began at 9:34 AM and ended at around 9:44 or 9:45 AM. *See* Ex. B at 8.  The deposition ended after Plaintiff refused to answer questions about his experience providing deposition testimony and a recent arrest by the Dallas Police Department for drugs.  *See id.* at 5-8.  In an effort to explain the deposition process, Ms. Beck left the deposition room with Plaintiff.  While Ms. Beck soon returned, Plaintiff did not.  He left the defense counsel's law office entirely and did not return.

9. Ms. Beck then stated on the record exactly what had transpired:

> This is Elizabeth Beck, counsel for Plaintiff.  The plaintiff has refused to continue with his deposition.  Plaintiff has been advised on the consequences of not providing deposition testimony today and has elected to leave accordingly.  *See* Ex. B at 8:10-14.

10. Plaintiff's failure to meaningfully participate in his properly-noticed deposition has had real economic consequences for Onstage Systems.

11. As a preliminary matter, this is the second time in a matter of weeks that Onstage Systems has incurred deposition costs and expenses for Plaintiff but obtained no meaningful deposition testimony due to Plaintiff's contumacious conduct.  The costs and expenses of the January 14th deposition that Plaintiff did not timely appear for are detailed in the first sanctions motion.

12. With respect to the costs and expenses of the January 31st deposition, Onstage Systems was billed $422 by the court reporter and $600 by the interpreter service.  A true and correct copy of their invoices for January 31st is attached hereto as **Exhibits C and D**, respectively.

13. In addition, Onstage Systems incurred legal fees for my time on January 31st (0.2 hours) as well as legal fees incurred in connection with preparing this motion (2

hours). Further Onstage Systems seeks to recover any legal fees it incurs preparing a reply to this motion, which in my experience I believe will require an additional 1.0 hour.

14. Around the time that Plaintiff filed this action, the U.S. District Court for the Northern District of Texas concluded that a reasonable hourly rate for an attorney of my experience and qualifications in the local community in a FLSA action is $450.00 per hour. *See Carmack v. Park Cities Healthcare LLC*, 3:16-cv-03500-D, Doc. 53, 54, and 63 (order approving fees). That is the same hourly rate that I am charging to defend Onstage Systems in this action.

15. Multiplying $450 per hour by 2.2 hours incurred due to Plaintiff's conduct on January 31st is $990. Multiplying $450 per hour by an additional 1.0 hour for preparing a reply is $450. The sum of $990 and $450 is $1,440.

16. Adding in the costs and expenses from the court reporter and interpreter, Onstage Systems has incurred or will incur a total of $2,462 due to Plaintiff's January 31st conduct.

17. Onstage Systems would not have incurred these expenses and fees but for Plaintiff's failure to meaningfully participate in the January 31st deposition.

18. Onstage Systems and each of my clients in this lawsuit (Hyacinth Belcher, Charles Belcher, and Vivian Belcher) have been prejudiced by Plaintiff's lack of discovery cooperation in this action. Onstage Systems has prepared to depose Plaintiff on two occasions now and has been denied the opportunity to depose the very party who has filed suit against Defendants. No lesser sanction than dismissal is warranted for Plaintiff's nonappearance at the January 14th deposition coupled with his quick departure from the January 31st deposition. Plaintiff has frustrated the Defendants' legitimate attempts to obtain discovery. As illustrated by Plaintiff's hasty departure on January 31st

so shortly after his failure to timely appear on January 14th, it is my view that a less drastic sanction than dismissal will not substantially achieve the desired deterrent effect.

19. I declare under penalty of perjury under the laws of the United States of America and the State of Texas that the foregoing is true and correct."

Executed in Dallas, TX on this 4th day of February 2020.

_____
Barry S. Hersh