UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS ALFARO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-02327-X |
| | § | |
| DALLAS BACKUP, INC. a/k/a | § | |
| ONSTAGE SYSTEMS, HYACINTH | § | |
| BELCHER, VIVIAN N. BELCHER, | § | |
| and CHARLES F. BELCHER, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are defendant Dallas Backup, Inc.'s (Onstage Systems) first *Motion for Discovery Sanctions* [Doc. No. 34] and second *Motion for Discovery Sanctions* [Doc. No. 40]. Both motions are fully briefed. On March 4, 2020, the Court held a hearing on the motions. For the following reasons, the Court **DENIES** the first motion and **GRANTS IN PART AND DENIES IN PART** the second motion.

Therefore, the Court **ORDERS** that the defendants recover attorney's fees and expenses in the sum of $2,642.00 from Alfaro in connection with his deposition scheduled for January 31, 2020. The Court **ORDERS** that Alfaro pay this sum to the defendants by 12:00 PM on Monday, March 16, 2020. The Court **ORDERS** the defendants to file with the Court a notice (with a declaration or affidavit attached) on March 16, 2020 if Alfaro has not complied with this Order. If Alfaro does not comply with this Order, the Court will dismiss this case with prejudice.

1

The Court also **ORDERS** Alfaro's attorneys to call Alfaro's sister to inform Alfaro of this Order, and to deliver to Alfaro's address two copies of this Order (one in English and one in Spanish) by overnight mail and/or in-person by local counsel, and to file with the Court a notice (with a declaration or affidavit attached) by Wednesday, March 11, 2020 stating that the two copies of this Order have been delivered to Alfaro. The Court also **ORDERS** that this declaration or affidavit also state whether Alfaro's attorneys have complied with this Court's March 4, 2020 Order [Doc. No. 57], which requires Alfaro's attorneys to deliver to Alfaro two copies of that Order (one in English and one in Spanish) by overnight mail and/or in-person by local counsel.

I.

Both sanctions motions center on plaintiff Jesus Alfaro's conduct in response to the defendants' attempts to depose Alfaro. Onstage Systems filed the first motion when Alfaro arrived 48 minutes late for his January 14, 2020 deposition. By the time Alfaro arrived, counsel for Onstage Systems had taken a certificate of nonappearance 21 minutes earlier and the court reporter, interpreter, and Alfaro's counsel had already departed. In the first motion, Onstage Systems seeks $2,590.00 in attorney's fees and expenses against Alfaro or his attorney J.H. Zidell, or both.

Onstage Systems filed the second motion when Alfaro did appear for his rescheduled deposition on January 31, 2020 but left abruptly after about ten minutes of proper questioning. Alfaro's counsel, Elizabeth Beck, left the room to speak with Alfaro. She returned without Alfaro and stated on the record:

> This is Elizabeth Beck, counsel for Plaintiff. The plaintiff has refused to continue with his deposition. Plaintiff has been advised on the consequences of not providing deposition testimony today and has elected to leave accordingly.[1]

In the second motion, Onstage Systems seeks $2,642.00 in attorney's fees and expenses against Alfaro. Onstage Systems also asks the Court to dismiss Alfaro's action with prejudice.

II.

Both motions seek relief under Federal Rule of Civil Procedure 37. Rule 37(d) permits the Court to order certain sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition."[2] Additionally:

> Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.[3]

For the Court to grant the sanction of dismissal with prejudice for failure to appear for a properly noticed deposition, the following factors must be present:

> "(1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the discovery order must be attributable to the client instead of the attorney; (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.[4]

---

[1] Defendant's *Second Motion for Discovery Sanctions Against Plaintiff* (Second Motion), Exhibit B (Deposition of Jesus Alfaro Through an Interpreter), at 8 [Doc. No. 41-3].

[2] FED. R. CIV. P. 37(d)(1)(A)(i). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." *Id.* 37(d)(3). These sanctions include "dismissing the action or proceeding in whole or in part." *Id.* 37(b)(2)(A)(v).

[3] FED. R. CIV. P. 37(d)(3).

[4] *Morgan v. McDonald's Corp.*, 2015 WL 799047, at *3 (N.D. Tex. Feb. 25, 2015) (Fitzwater, J.) (quoting *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008)).

3

Under these standards, the Court denies the first motion and grants in part and denies in part the second motion.

III.

The Court denies the first motion for sanctions because it finds that although Alfaro arrived late for his January 14 deposition, he did arrive. To the extent that his tardy arrival can be construed as a failure to appear, the Court finds that his "failure was substantially justified or other circumstances make an award of expenses unjust."[5] According to Beck's sworn testimony at the March 4, 2020 hearing, Alfaro's counsel had spoken with Alfaro's sister (according to his attorneys, Alfaro does not own a mobile telephone) the morning of the January 14 deposition and confirmed that Alfaro was on his way to the deposition. In her March 4 testimony, Beck stated that traffic was indeed heavy on the morning of the deposition and that she also arrived at the deposition late. She also stated that she relayed to defendants' counsel the news that Alfaro was on his way. The Court admits that the communication between co-counsels, opposing counsels, and their clients that morning could have—and should have—been better. But the Court also concludes that miscommunication and Dallas-Fort Worth traffic should not result in sanctions against Alfaro or Zidell.

The Court grants in part the second motion for sanctions because Alfaro constructively did not appear for his January 31 deposition. Although he was present on time, Alfaro abruptly left the deposition after about ten minutes of permitted

---

[5] *Id.*

questioning. And Alfaro chose to not return to the deposition even after Beck instructed him of his obligation to do so and the possible consequences if he did not. For these reasons, the Court does not find that Alfaro's failure to sit for his January 31 deposition was substantially justified or that there were other circumstances that would make an award of expenses unjust. Therefore, the Court orders that the defendants recover attorney's fees and expenses in the sum of $2,642.00 from Alfaro in connection with the second attempted deposition.

The Court denies in part the second motion for sanctions because although under Rule 37 the Court has broad discretion to dismiss a case with prejudice, the factors allowing that sanction were not present when Alfaro prematurely left his properly noticed January 31 deposition. First, because the Court has already found that Alfaro's tardiness and lack of communication regarding his January 14 deposition did not warrant sanctions, the Court does not find a "clear record of delay or contumacious conduct" prior to Alfaro leaving his January 31 deposition early. Second, although Alfaro is solely responsible for leaving the second deposition early—even after Beck advised him of the consequences—he was not violating a specific discovery order from the Court at the time. Third, the deposition was scheduled to occur at the office of the defendants' counsels, and so the defendants were not substantially prejudiced. And any financial loss the defendants suffered by Alfaro's failure to finish the deposition is compensated by the Court awarding attorney's fees and costs today. Fourth, because dismissal with prejudice is such a severe sanction, the Court wants to first determine whether the less drastic sanction of awarding

5

attorney's fees and costs will help persuade Alfaro to sit for his properly noticed, rescheduled deposition on March 17, 2020 [Doc. No. 59].

Therefore, even though Alfaro did not comply with the Court's order to appear for the March 4 hearing, the Court declines to dismiss with the prejudice Alfaro's case just yet. But as the Court made clear in its discovery order on March 4, 2020 [Doc. No. 57], the Court will dismiss this case with prejudice if Alfaro disobeys that Order. And the Court will dismiss this case with prejudice if Alfaro disobeys this Order.

IV.

The Court **DENIES** the first motion and **GRANTS IN PART AND DENIES IN PART** the second motion. The Court **ORDERS** that the defendants recover attorney's fees and expenses in the sum of $2,642.00. The Court **ORDERS** that Alfaro pay this sum to the defendants by 12:00 PM on Monday, March 16, 2020. The Court **ORDERS** the defendants to file with the Court a notice (with a declaration or affidavit attached) on March 16, 2020 if Alfaro has not complied with this Order. If Alfaro does not comply with this Order, the Court will dismiss this case with prejudice.

The Court also **ORDERS** Alfaro's attorneys to call Alfaro's sister to inform Alfaro of this Order, and to deliver to Alfaro's address two copies of this Order (one in English and one in Spanish) by overnight mail and/or in-person by local counsel, and to file with the Court a notice (with a declaration or affidavit attached) by Wednesday, March 11, 2020 stating that the two copies of this Order have been delivered to Alfaro. The Court also **ORDERS** that this declaration or affidavit also

state whether Alfaro's attorneys have also complied with this Court's March 4, 2020 Order [Doc. No. 57], which requires Alfaro's attorneys to deliver to Alfaro two copies of that Order (one in English and one in Spanish) by overnight mail and/or in-person by local counsel.

All relief not granted is denied.

**IT IS SO ORDERED**, this 9th of March 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE