UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JESUS ALFARO, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 3:18-CV-02327-X |
| § | |
| DALLAS BACKUP, INC. a/k/a § | |
| ONSTAGE SYSTEMS, HYACINTH § | |
| BELCHER, VIVIAN N. BELCHER, § | |
| and CHARLES F. BELCHER, § | |
| § | |
| *Defendants*. § | |

# ORDER OF DISMISSAL

The facts of this case—including the Court's attempts to provide plaintiff Jesus Alfaro several chances to obey its orders and to continue his litigation—warrant dismissal. For the reasons provided below, the Court **ORDERS** that this case be **DISMISSED WITH PREJUDICE**.

I.

Under the Federal Rules of Civil Procedure, the Court possesses the authority to dismiss cases with prejudice. Rule 41(b) generally authorizes the Court to dismiss a civil case if "the plaintiff fails to prosecute or to comply with these rules or a court order."[1] Dismissal under Rule 41(b) may be *sua sponte*, and it may be with prejudice "only if the failure to comply with the court order was the result of purposeful delay

---

[1] FED. R. CIV. P. 41(b).

or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action."[2]

## II.

Alfaro has failed to comply with the Court's orders or to pursue his case.

First, Alfaro disobeyed the Court's order to personally appear for the March 4, 2020 hearing on defendant Dallas Backup, Inc.'s (Onstage Systems) sanctions motions and Alfaro's lawyers' motion to withdraw. Two of Alfaro's attorneys, J.H. Zidell and Elizabeth Beck, attested in declarations that Alfaro knew of the March 4, 2020 hearing and that, by way of his sister, Alfaro informed his attorneys about one hour before the hearing that he would not attend.[3] Because the Court had not warned that Alfaro's failure to appear at the March 4, 2020 hearing could result in sanctions or dismissal, the Court declined to issue sanctions or order dismissal at that time.

Second, Alfaro disobeyed the Court's order to pay sanctions for leaving his second attempted deposition early—contrary to his attorney's advice—on January 31, 2020. As detailed in the Court's *Memorandum Opinion and Order* on March 9, 2020 [Doc. No. 61], the Court granted in part Onstage Systems' motion for sanctions and ordered that the defendants recover attorney's fees and expenses in the sum of $2,642.00 from Alfaro within seven days of that Order. The Court denied in part the motion because the Court declined to dismiss the case with prejudice at that time.

---

[2] *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996).

[3] Joint Verified Report ¶ 2 [Doc. No. 66]. *See* Declaration of Jamie Zidell ¶ 3 (confirming the facts in the Joint Verified Report are true) [Doc. No. 66-3]; Declaration of Elizabeth Beck ¶ 3 (confirming the facts in the Joint Verified Report are true) [Doc. No. 66-4].

But the Court warned Alfaro that if he did not obey the Court's order to pay sanctions, the Court would dismiss his case with prejudice.

Third, Alfaro disobeyed the Court's order to appear at a show-cause hearing on April 20, 2020 regarding his failure to participate in his January 31 deposition and his failure to pay the resulting Court-ordered sanctions. Although Alfaro failed to obey the Court's sanctions order, the Court declined to dismiss his action solely for monetary reasons. And so, the Court scheduled the show-cause hearing to give Alfaro one more chance to comply with the Court's directions and, if possible, to justify his actions. The Court warned Alfaro that if he did not attend the hearing, the Court would dismiss his case with prejudice. Despite this warning, Alfaro did not attend.

These facts satisfy Federal Rule of Civil Procedure 41(b)'s standards for dismissal with prejudice. Alfaro has failed to obey three of the Court's orders, two of which expressly warned him that dismissal with prejudice was a consequence of his failure to comply. To ensure that Alfaro alone was at fault for failing to comply with the Court's most recent two orders, the Court even required Alfaro's counsels to file notices with the Court confirming that they delivered to Alfaro copies of the Court's orders in English and in Spanish. Alfaro's counsels filed these notices, along with declarations and exhibits demonstrating the steps they took to heed the Court's orders [Doc. Nos. 62 & 75]. Even though Alfaro received and could read these orders, Alfaro failed to comply. Coupled with his failure to follow his attorney's advice to finish his second attempted deposition or face consequences, the Court finds Alfaro's disregard of the Court's orders to be the result of "purposeful delay or

3

contumaciousness."[4] Furthermore, because of the Court's issuance of sanctions to Alfaro for his failure to participate in his second attempted deposition, "the record reflects that the district court employed lesser sanctions before dismissing the action."[5] Therefore, the Court's *sua sponte* dismissal of this case with prejudice under Rule 41(b) is proper.[6]

### III.

For these reasons, the Court **ORDERS** that this case be **DISMISSED WITH PREJUDICE**. By separate order, the Court will issue its final judgment.

**IT IS SO ORDERED**, this 21st of April 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[4] *Long*, 77 F.3d at 880.

[5] *Id.*

[6] *Id.* at 879–80.